# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

ANTHONY D. SCOTT,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 2:16-CV-466
CRIM. NO. 2:13-CR-223
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth A. Preston Deavers

## OPINION AND ORDER

On February 12, 2018, the Magistrate Judge issued a *Report and Recommendation* recommending that the *Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 64) be dismissed. On March 9, 2018, the Court issued an *Order* adopting and affirming the Magistrate Judge's *Report and Recommendation*. (ECF No. 79.) Thereafter, on March 5, 2018, the Petitioner filed a *Motion for the Court to Take Judicial Notice* and *Objection* to the Magistrate Judge's *Report and Recommendation*. (ECF Nos. 80, 81.) The docket reflects that the Clerk received the foregoing documents for filing on March 9, 2018, and docketed them on March 12, 2018; however, Petitioner apparently sent them to the United States Court of Appeals for the Sixth Circuit for filing on March 5, 2018. (*See* ECF Nos. 80-1, 2; 81-1, 2.)

Therefore, the Court **VACATES** the final *Order* of dismissal of this action (ECF No. 79) for consideration of Petitioner's *Motion for the Court to Take Judicial Notice* and *Objection* (ECF No. 80, 81) to the Magistrate Judge's *Report and Recommendation*.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. Upon review of the record, and for the reasons that follow, Petitioner's *Motion for the Court to Take Judicial Notice* (ECF No. 80) is **DENIED**. Petitioner's *Objection* (ECF No. 81) is **OVERRULED**. The

*Report and Recommendation* (ECF No. 78) is **ADOPTED** and **AFFIRMED**. The *Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 64) is **DISMISSED**. The Court **DECLINES** to issue a certificate of appealability.

On February 20, 2014, Petitioner pleaded guilty pursuant to the terms of his negotiated *Plea Agreement* to one count of possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1),(b)(1)(C). (ECF No. 37.) On May 29, 2014, the Court imposed 240 months imprisonment, to be followed by six years of supervised release. (ECF No. 45.) The United States Court of Appeals for the Sixth Circuit has affirmed the *Judgment* of this Court. (ECF No. 58.) The Supreme Court denied the petition for a writ of *certiorari*. (ECF No. 61.) Petitioner asserts that his recommended sentence under the advisory United States Sentencing Guidelines was incorrectly calculated in view of *Molina-Martinez v. United States*, -- U.S. --, 136 S.Ct. 1338 (2016) (claim one); and that he was denied the effective assistance of counsel, because his attorney told him that his recommended sentence would not be enhanced based on the death of Robert Ruffing if he entered a guilty plea (claim two). The Magistrate Judge recommended dismissal of these claims as waived or without merit.

Petitioner now contends that he was denied due process and the right to confront the witnesses against him due to the improper admission of a laboratory report that was used to establish that he provided the heroin that caused Ruffing's death. According to Petitioner, the government never established that the heroin Ruffing obtained from Petitioner actually caused Ruffing's death. Petitioner requests that the Court to take judicial notice of the foregoing arguments. Additionally, he objects to the Magistrate Judge's recommendation of dismissal of this action. He maintains that he did not waive his right to challenge the enhancement of his recommended guideline sentence based on Ruffing's death, and that this claim warrants review

2

in view of an intervening change in the law. He further asserts that he would not have pleaded guilty, had he known that his recommended guideline sentence would be enhanced based on Ruffing's death. Petitioner refers to the Supreme Court's recent decisions in *Class v. United States*, -- U.S. --, 138 S.Ct. 798 (2018), and *Lee v. United States*, -- U.S. --, 137 S.Ct. 1958 (2017), in support of his claims. He seeks an evidentiary hearing.

Under Rule 201 of the Federal Rules of Evidence, a district court may take judicial notice at any stage of the proceeding, whether or not requested by the parties, of any fact "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Rule 201, Federal Rules of Evidence. "[J]udicial notice is available only for 'adjudicative facts,' or the 'facts of the particular case,' as opposed to ... facts 'which have relevance to legal reasoning' . . . . Thus, judicial notice is generally not the appropriate means to establish the legal principles governing the case." *Wingeart v. Warren*, No. 05-74144, 2011 WL 1085032, at *1 (E.D. Mich. March 23, 2011) (quoting *Toth v. Grand Trunk R.R.*, 306 F.3d 335, 350 (6th Cir. 2002)). "[F]ederal courts may take judicial notice of proceedings in other courts of record" and of judicial decisions. *Id.* (citing *Granader v. Public Bank*, 417 F.2d 75, 82 (6th Cir. 1969); *United States v. Doss*, 563 F.2d 265, 269 n. 2 (6th Cir. 1977); *Don Lee Distributor, Inc. v. NLRB*, 145 F.3d 834, 841 n.5 (6th Cir. 1998)); *see also In re Montanari*, No. 12-33189, 2015 WL 603874, at *1 n.3 (E.D. Tenn. Feb. 12, 2015) (taking judicial notice of the undisputed facts and documents of record in the defendants' bankruptcy case). "The purpose of judicial notice is to make a court's acceptance of a well-known or undisputable fact more convenient." *Wingeart*, 2011 WL 1085032, at *1 (citing *United States v. Bari*, 599 F.3d 176, 180 (2nd Cir. 2010)).

3

Here, the record does not reflect that judicial notice of the issues requested by Petitioner would be appropriate. The Sixth Circuit held that Petitioner waived his right to challenge the enhancement of his recommended guideline sentence based on Ruffing's death under the explicit terms of his negotiated *Plea Agreement*. (*See* ECF No. 58, PageID# 198-201.) Thus, Petitioner's argument that the government failed to establish that he provided Ruffing with the heroin that caused Ruffing's death does not assist him and does not involve an undisputed fact. Further, and to the extent that Petitioner seeks to raise a new claim under the Confrontation Clause, he may not do so at this late juncture of the proceedings. Notably, the one-year statute of limitations provided for under 28 U.S.C. § 2255(f) has long since expired, and bars amendment of the § 2255 petition with new claims that do not "relate back," or arise from the same "common core of operative facts" to claims raised in the initial timely-filed § 2255 petition. *See Mayle v. Felix*, 545 U.S. 644, 650, 664 (2005) ("An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading[.]") Therefore, Petitioner's *Motion for the Court to Take Judicial Notice* (ECF No. 80) is **DENIED.**

Moreover, as discussed by the Magistrate Judge, nothing in *Molina-Martinez*, 136 S.Ct. at 1338, or any of the other cases referred to by the Petitioner, warrant this Court's reconsideration of the Sixth Circuit's conclusion that Petitioner waived his claim regarding the enhancement of his sentence under the advisory sentencing guidelines based on Ruffing's death. In *Class*, 138 S.Ct. at 801-802, referred to by the Petitioner, the Supreme Court held that a guilty plea, by itself, does not bar a criminal defendant from later appealing his conviction on the ground that the statute of conviction violates the Constitution. *Id*. In *Lee*, 137 S.Ct. at 1958, also referred to by the Petitioner, the Supreme Court considered whether a petitioner could establish

4

prejudice from his attorney's erroneous advise that he would not be deported by entry of his guilty plea, and in so doing rejected the argument that it should adopt a "per se rule that a defendant with no viable defense cannot show prejudice." *Id.* at 1966. The Supreme Court stated:

> Courts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences.

*Id.* at 1967. However, neither of the foregoing cases assist the Petitioner. The record reflects that Petitioner knowingly, intelligently, and voluntarily, entered a guilty plea, whereby he explicitly agreed that his recommended sentence would be enhanced because the death of an individual had resulted from the use of the heroin he distributed. *Plea Agreement* (ECF No. 34, PageID# 146.) In the same plea agreement, the defendant avoided a potential sentence of life imprisonment and a consecutive additional five year gun sentence under 18 U.S.C. § 924(c). Petitioner has failed to establish the denial of the effective assistance of counsel.

For these reasons and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection* (ECF No. 81) is **OVERRULED**. The *Report and Recommendation* (ECF No. 78) is **ADOPTED** and **AFFIRMED**. The *Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 64) is **DISMISSED**.

Pursuant to 28 U.S.C. § 2253(c)(1)(B), the Court must also assess whether to issue a certificate of appealability. Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts states that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

5

Where a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)). Where the Court dismisses a claim on procedural grounds, however, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id*. at 485. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id*.

The Court is not persuaded that reasonable jurists would debate the dismissal of Petitioner's claims as waived and without merit. Therefore, the Court **DECLINES** to issue a certificate of appealability.

Moreover, the Court **CERTIFIES,** pursuant to 28 U.S.C. § 1915(a)(3), that an appeal would not be in good faith.

EDMUND A. SARGUS, JR.
Chief United States District Judge