**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

                            **Case No. 2:13-cr-223**
         **Plaintiff,**                **JUDGE EDMUND A. SARGUS, JR.**

    **v.**

**ANTHONY SCOTT,**

         **Defendant.**

## OPINION AND ORDER

Currently pending before the Court are a Motion for Compassionate Release (ECF No. 93) and an Amended Motion for Compassionate Release (ECF No. 101) filed by Defendant Anthony Scott ("Defendant"). For following reasons, Defendant's Motions (ECF Nos. 93, 101) are **DENIED**.

## I.

On February 20, 2014, Defendant appeared before the Court and pleaded guilty to possession with the intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1). (ECF No. 37.) Defendant appeared for sentencing on May 29, 2014. (ECF Nos. 41, 45, 46.) Defendant was sentenced to a 240-month period of incarceration followed by a six-year term of supervised release. (ECF Nos. 45, 46.) Due to the COVID-19 pandemic, Defendant now asks the Court for a modification in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (*See* Def. Mot., ECF No. 93; Def. Am. Mot., ECF No. 101.)

## II.

Since Congress passed the Sentencing Reform Act of 1984, federal law has authorized courts to reduce the sentences of federal prisoners with extraordinary health concerns and other

hardships, but only under very limited circumstances.  *See United States v. Ruffin*, 978 F.3d 1000, 2020 U.S. App. LEXIS 33689, at *8 (6th Cir. 2020); *see also* Pub. L. No. 98–473, ch. II(D) § 3582(c)(1)(A), 98 Stat. 1837 (1984).  Prior to the passage of the First Step Act of 2018, a district court could grant compassionate release sentence reductions only upon motion by the Director of the Bureau of Prisons ("BOP").  *See id.*

On December 21, 2018, Section 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, modified 18 U.S.C. § 3582(c)(1)(A) to allow a sentencing court to reduce an imposed sentence.  The statute provides:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendants' facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

As the Court of Appeals explained in *Ruffin*, the statute contains "three substantive requirements for granting relief."  *Ruffin*, 2020 U.S. App. LEXIS 33689, at *9.  First, the court must initially find that "extraordinary and compelling reasons warrant such a reduction."  *Id.* (citing § 3582(c)(1)(A)).  Second, before granting a reduced sentence, the Court must find "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at *11.  But district courts may skip this second step and have "full discretion to define 'extraordinary and compelling' without consulting the policy statement U.S.S.G. § 1B1.13"

2

when an incarcerated person files the motion for compassionate release, because § 1B1.13 is not an "applicable policy statement" when an incarcerated person files the motion.  *United States v. Jones*, No. 20-3701, slip op. at 16 (6th Cir. Nov. 20, 2020).  Third and finally, even if the Court finds that extraordinary and compelling reasons exist, the Court may not grant a release before considering the sentencing factors set forth in § 3553(a).  *Ruffin*, 2020 U.S. App. LEXIS 33689, at *12.  This last step gives the Court "substantial discretion" in deciding whether to reduce or modify a sentence.  *Id.*

### III.

Defendant moves the Court for a compassionate release.  He argues that the Court has the authority to order such a release because he has exhausted the BOP's administrative remedies and that release is justified due to extraordinary and compelling reasons.  (*See generally* Def. Mot.; Def. Am. Mot.)  Defendant submits that he suffers from several health conditions that put him at an elevated risk of contracting a serious case of COVID-19.  (Def. Am. Mot. at 3–5.)  Defendant requested that the warden grant him compassionate release on May 26, 2020.  (*Id.* at 9.)  More than 30 days have passed since the warden received this request; therefore, the Court has authority to decide the motion regardless of any action or inaction by the BOP.  § 3582(c)(1)(A).

The Government opposes Defendant's release and argues that, notwithstanding any extraordinary or compelling circumstances, releasing Defendant is not warranted because Defendant has not served a significant portion of his federal sentence and he remains a danger to the community.  (Response at 1, 6–7, ECF No. 9.)  The Court agrees.

Even if Defendant did present extraordinary and compelling circumstances, the sentencing factors set forth in § 3553(a) counsel against granting Defendant compassionate release.  *See Ruffin*, 2020 U.S. App. LEXIS 33689, at *19 ("We have repeatedly recognized that district courts

may deny relief under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief."); *see also United States v. McGuire*, 822 F. App'x 479, 480 (6th Cir. 2020) (affirming district court's denial of compassionate release based on the § 3553(a) factors even assuming that Defendant demonstrated extraordinary and compelling circumstances).  Before granting compassionate release, the Court is required to consider whether such release would comport with the § 3553(a) sentencing factors.  § 3582(c)(1)(A).  Those factors are as follows:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

§ 3553(a).

The Court begins with the nature and circumstances of the offense.  The criminal conduct that Defendant engaged in was severe.  Defendant admitted to possessing and distributing heroin, a highly addictive drug.  Furthermore, Defendant's distribution of heroin ultimately caused the overdose death of another individual.  (*See* Sentencing Transcript at 8:5–6; 26:20–22, ECF No. 57.)  Additionally, Defendant's drug distribution appears even more dangerous when coupled with his possession of firearms.  As part of Defendant's Plea Agreement, Defendant agreed to the forfeiture allegations in the Indictment and forfeited his interest in three firearms.

Coupled with the dangerous nature of the offense, the history and characteristics of the Defendant leave no doubt that compassionate release is not appropriate.  While narcotics

4

trafficking coupled with the possession of firearms is a dangerous offense that hampers Defendant's case for release by itself, Defendant's history of committing narcotics offenses compounds the seriousness of the conduct at issue here. (*See id.* at 27:17–20.) This history only hurts Defendant's case for compassionate release. The nature and circumstances of the offense and Defendant's history and characteristics lead the Court to conclude that such an early release from his 240-month sentence would not comport with the sentencing factors.

The remaining factors also weigh against granting Defendant's motions. Defendant has served less than half of his 240-month sentence. Serving less than 50% of his imposed sentence in custody for such severe conduct would fail to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." § 3553(a)(2)(A). Further, releasing Defendant with only a fraction of his sentence served would fail to afford "adequate deterrence" for dangerous narcotics and firearms offenses that put lives in danger daily. *Id.* § 3553(a)(2)(B). The Court commends Defendant for the steps he has taken toward rehabilitation while incarcerated. But the amount of time Defendant has served thus far is not sufficient to serve the purposes of sentencing. The sentencing factors, therefore, counsel heavily against granting Defendant a compassionate release when he has yet to serve most of his lengthy sentence. As such, Defendant is not entitled to compassionate release under § 3582(c)(1)(A).

**IV.**

For the reasons stated herein, Defendant's Motion for Compassionate Release and Amended Motion for Compassionate Release (ECF Nos. 93, 101) are **DENIED**.

**IT IS SO ORDERED.**

<u>11/30/2020</u>                              <u>s/Edmund A. Sargus, Jr.</u>
**DATE**                                       **EDMUND A. SARGUS, JR.**
                                               **UNITED STATES DISTRICT JUDGE**

5